# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| FRANCINE KARP, | ) |
|     Plaintiff and Counter-Defendant, | ) ) ) |
| v. | ) ) |
| AMERICAN LAW ENFORCEMENT NETWORK, LLC, et. al., | )   CIVIL ACTION NO. 11-449-CG-C ) ) |
|     Defendants and Counter-Plaintiffs, | ) ) ) |
| v. | ) ) |
| ROMAN KARP, et. al., | ) ) |
|     Counter-Defendants. | ) |

## ORDER

This matter is before the court on the motion to sever (Doc. 20) filed by counter-defendants, William Spain, Spain B Development, and SpainB Development, LLC (the "Spain Parties"). Also before the court is the report and recommendation of the magistrate judge (Doc. 41), who recommends that : (1) the motion to remand filed by defendants and counter-plaintiffs, American Law Enforcement Network, LLC ("ALEN"), Euclid Enterprises , LLC ("Euclid"), E.J. Saad, and Robert E. Taylor (the "original defendants") (Doc. 18) be granted; and (2) that the motion to realign the parties filed by the Spain Parties (Doc. 33) be denied.

For the reasons explained below, the court finds that the Spain Parties' motion to sever should be **DENIED**. Furthermore, upon a de novo review of those

1

portions of the report and recommendation to which the objection is made, the recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court. The court, therefore, finds that the defendants' motion to remand (Doc. 18) should be **GRANTED**, and that the Spain parties' motion to realign the parties (Doc. 33) should be **DENIED**.

## FACTUAL BACKGROUND

This case concerns a controversy over the ownership and control of ALEN, which was formed in 2005 to develop and sell software allowing police officers to access federal and state criminal databases from their police cruisers. (Doc. 19-2, p. 3). Also at issue is the control, use, and ownership of software that is critical to ALEN's operations. (Doc. 19-16). The plaintiff, Francine Karp, originally filed her complaint in the Circuit Court for Mobile County, Alabama, on February 28, 2011. (Doc. 19-2). Karp sought a temporary restraining order and injunctive relief, as well as a declaratory judgment protecting her alleged ownership interest in and control over ALEN. Id. The original defendants filed a counterclaim (Doc. 19-6) on March 10, 2011, and subsequently filed a second, amended counterclaim and third-party complaint (the "amended counterclaim") on July 29, 2011. (Doc. 19-16). This amended counterclaim introduced the Spain Parties into the litigation; pursued claims for injunctive relief and monetary damages against the Spain Parties and others; alleged a violation of the Alabama Trade Secrets Act on the part of the Spain parties; and made claims of conversion against the Spain Parties. See Doc. 19-16.


2

The Spain Parties removed the case to this court on August 5, 2011. (Doc. 1). They contend that removal was proper pursuant to 28 U.S.C. §§ 1331 and 1441(c), arguing that the claim stated against them in the amended complaint is "a separate or independent claim or cause of action" that calls for the interpretation of the Copyright Act to determine ALEN and Euclid's ownership of certain software, thereby invoking federal question jurisdiction. (Doc. 1, p. 5).

On August 19, 2011, the original defendants filed a motion to remand the case to the Circuit Court for Mobile County (Doc. 18). On the same day, the Spain Parties filed a motion to sever the claims against them, pursuant to Federal Rule of Civil Procedure 21, arguing that the doctrine of "complete preemption" applies because the allegations against the Spain parties contained in the amended counterclaim require the determination of the ownership of a registered copyright pursuant to the Copyright Act. (Doc. 20, p. 4).

Approximately one month later, on September 2, 2011, the Spain Parties filed a motion to realign (Doc. 33) in order to "preserve all arguments and present this Court with all possible avenues with which [it] may retain jurisdiction." Id. at 2.

The magistrate judge issued his report and recommendation (Doc. 41) on November 18, 2011, recommending that this court deny the Spain Parties' motion to realign and grant the original defendants' motion to remand, which this court has adopted as its own after a de novo review. The sole issue before the court, therefore, is the Spain Parties' motion to sever (Doc. 20).

## STATEMENT OF THE LAW

Fed.R.Civ.P. 21 provides that a district court may "sever any claim against a party." Id. "If claims are severed pursuant to Rule 21 they become independent actions with separate judgments entered in each." DirecTV, Inc. v. Leto, 467 F.3d 842, 846 (3rd Cir. 2006) (citation omitted); see also Gaffney v. Riverboat Services of Indiana, Inc., 451 F.3d 424, 441 (7th Cir. 2006) ("As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."); Acevedo–Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003) ("Rule 21 ... furnishes the mechanism for separating a case into separate actions").

It is well established that "[t]he determination of whether to grant a motion to sever is left to the discretion of the trial court ." Fisher v. Ciba Specialty Chemicals Corp., 245 F.R.D. 539, 541 (S.D. Ala. 2007). "Among the factors considered in exercising that discretion include whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." Id. at 541.

## LEGAL ANALYSIS

Count II of the amended counterclaim alleges that the Spain Parties violated the Alabama Trade Secrets Act by continuing to exercise "dominion and control" over certain source code, IP addresses, passwords, and other confidential information related to ALEN's operations. (Doc. 19-16, pp. 14-15). The Spain

Parties argue that this information is protected by a registered copyright, and, therefore, the allegations in the amended counterclaim are completely preempted by the Copyright Act and are due to be severed from the remaining claims in the case. Id. at 4.

"The complete preemption doctrine 'serves to recharacterize a state law claim as an action arising under federal law' and 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Ritchie v. Williams, 395 F.3d 283, 286 (6th Cir. 2005) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-65 (1987)). Stated differently, "the complete preemption doctrine 'permits recharacterization of a plaintiff's claim as a federal claim so that removal is proper' even though the complaint may not mention a federal basis of jurisdiction." Id. (quoting Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 967 (7th Cir. 2000)).

"The Supreme Court has applied the complete preemption doctrine to only three federal statutes: § 301 of the [Labor-Management Relations Act], the Employee Retirement Income Security Act of 1974, [codified at] 29 U.S.C. § 1132, and §§ 85 and 86 of the National Bank Act." Atwater v. National Football League Players Ass'n, 626 F.3d 1170, 1176 (11th Cir. 2010) (citing Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1291 (11th Cir. 2004)). "The 'Court has cautioned that complete preemption can be found only in statutes with 'extraordinary' preemptive force[,]' which 'must be manifest in the clearly expressed intent of Congress.'"

5

Atwater at 1176, n.7 (quoting Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003)).

The Spain Parties rely exclusively upon the Eleventh Circuit's opinion in Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859 (11th Cir. 2008) to bolster their argument that a claim concerning the ownership of a copyright necessarily means that complete preemption of other state law claims exists pursuant to the Copyright Act, 17 U.S.C. § 101, et. seq. (Doc. 20, pp. 3-4).

But the matter is not as clear-cut as the Spain Parties assert. It is true that the Eleventh Circuit has noted that "four other circuits have held that at least some state law claims are preempted by the Copyright Act such that federal subject matter jurisdiction exists over the claim under the complete preemption doctrine." Weitzman, 542 F.3d at 864. However, the Weitzman court also stated that "… we expressly do not decide that the two state law causes of action identified by [the plaintiff and counter-defendant] would be completely preempted and displaced by a federal cause of action arising under the Copyright Act." Id. at 866. Thus, it cannot necessarily be said that the "extraordinary preemptive force" of the Copyright Act has been established conclusively by the Eleventh Circuit with regard to the doctrine of complete preemption, even though such preemption does appear to be logical.

Ultimately, this court need not determine whether the Copyright Act completely preempts the Alabama Trade Secrets Act, because Count II of the amended counterclaim, which count that the Spain parties allege is subject to

6

complete preemption, was contained in a counterclaim, which cannot serve as the basis for a district court's jurisdiction under § 1331 or § 1441. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "The well-pleaded complaint rule provides that whether a case 'arises under' [copyright] law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration…" Id. (quoting Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988)). In other words, federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 831 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law. '[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' " Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, et. al., 463 U.S. 1, 10 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441(e), (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936)).

Having adopted the report and recommendation of the magistrate judge as its own, the court will not further duplicate its lengthy analysis of federal question jurisdiction, nor duplicate its analysis of whether the Spain Parties are counter-defendants or third-party defendants. See Doc. 41, pp. 2-16. It shall suffice to note

7

that the magistrate judge ultimately found the Spain Parties to be counter-defendants rather than third-party defendants, and therefore found that the Spain Parties lacked statutory authority to remove this case.[1]  This determination also means that, because Karp's complaint did not state a claim arising under federal law, nor state a claim that is completely preempted by federal law, the amended counterclaim is not subject to complete preemption.  Accordingly, the court sees no advantage in terms of judicial economy in severing Count II from the amended complaint.  Furthermore, the court sees no relative prejudice to each side in leaving the case intact, as the claims and counter-claims revolve around the ownership and control of a single corporate entity and associated intellectual property.

## CONCLUSION

For the reasons enumerated above, the court **DENIES** the Spain Parties' motion to sever (Doc. 20).  Furthermore, upon a de novo review of those portions of the report and recommendation to which the objection is made, the recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court.  The court, therefore, **GRANTS** defendants' motion to remand (Doc. 18)  and **DENIES** the Spain parties' motion to realign the parties (Doc. 33).

---

[1] The magistrate judge noted that the claims against the Spain Parties contained in the amended counterclaim, while factually related to Karp's claims in the original complaint, comprise an entirely separate claim. (Doc. 41, p. 15).  An entirely separate claim does not allow a third-party defendant to be impleaded, because the third party's liability must be dependent on the outcome of the main claim. Vision Bank v. Swindall, 2009 WL 3158194, *1 (S.D. Ala. 2009) (citing  United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987); Coates v. CTB, Inc., 173 F.Supp2d 1200, 1202 (M.D. Ala. 2001)).  Therefore, the Spain Parties are counter-defendants because the claims against them have been properly joined with Karp's claims.

**DONE** and **ORDERED** this 6th day of January, 2012.

                                                /s/  Callie V. S. Granade
                                                UNITED STATES DISTRICT JUDGE